|  | Judge: | Hon. Christopher M. Alston |
|---|---|---|
|  | Chapter: | Chapter 7 |
|  | Hearing Date: | January 22, 2026 |
|  | Hearing Time: | 9:30 a.m. |
|  | Hearing Site: | 700 Stewart Street. #7206 |
|  |  | Seattle, WA 98101 |
|  | Response Date: | January 15, 2026 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 25-10499-CMA |
|---|---|
| RICHARD REPASS, | NOTICE OF HEARING ON AND TRUSTEE'S MOTION FOR ORDER APPROVING SHORT-SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE |
| Debtor. | |

## I. NOTICE OF MOTION

**PLEASE TAKE NOTICE** that Edmund J. Wood, the Chapter 7 Trustee ("Trustee"), has filed a motion for entry of an Order approving and authorizing the short-sale of improved real property commonly known as 15144 SE 46th Way, Bellevue, WA 98006, King County, Washington, APN #934691 0500 09 ("Property") free and clear of liens and other interests, under 11 U.S.C. §§ 363(b),(f)(2), (f)(5) and (m), (the "Sale Motion"). The Sale Motion is set for hearing as follows:

JUDGE:    Hon. Christopher M. Alston         DATE:   January 22, 2026

TIME:    9:30 a.m.

LOCATION:   700 Stewart St., Courtroom 7206
            Seattle, WA 98101

## II. SALE MOTION

1. Richard Repass filed a voluntary Chapter 7 bankruptcy petition on February 26, 2025. ("Petition Date"). Edmund J. Wood was appointed as the Chapter 7 Trustee on the same day. As of the Petition Date the Debtor owned the Property.

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 1

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

2. On April 21, 2025, this Court entered an order authorizing the employment of Rich Kim and Lumin Brokers as realtors for the bankruptcy estate [dkt. 49].

3. The Property was listed on the MLS on May 1, 2025, for $1,399,900.00. There was interest expressed in the Property, but it did not translate into an offer. The price was reduced by $10,000 every three weeks until the sale price reached $1,349,900. Then, realizing that the market had slid, the price reductions were increased to $25,000 every three weeks in order to chase the market. The Trustee ultimately received an offer for $1,274,900 and signed the Purchase and Sale Agreement on November 19, 2025. Thereafter, the Trustee's counsel and his accountant worked with the Debtor to determine the basis in the Property and any improvements that could be added to the basis. Ultimately, the accountant determined the estate could owe $25,000 in capital gains tax and, therefore, the sale could not proceed. The broker then relayed that information to the buyers, who then increased the purchase price to $1,305,000 in order to provide the estate with the minimum proceeds necessary to close the sale. The Debtor agreed that the $31,100 increase in the sales price would be paid to the Trustee for payment of taxes. The Trustee signed this PSA after agreement with the Debtor that the increase in the purchase price of $30,100.00 would go the estate to pay the capital gains tax. If the capital gains tax is less than anticipated, the estate will retain the difference, and those funds will be disbursed as set forth in the Bankruptcy Code. The Debtor agreed to this. Declaration of Edmund J. Wood, ¶ 5-8, ("Wood Declaration") and the Declaration of Richard Repass, ¶ 5-7 ("Repass Declaration").

4. On December 14, 2025, subject to approval of this Court, the Trustee entered into a Residential Real Estate Purchase and Sale Agreement (the "PSA") with Gene Hule and Vanessa Digo Hule, husband and wife and the marital community composed thereof ("Buyers"). The sale price for the Property is One Million Three Hundred and Five Thousand

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 2

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

Dollars ($1,305,000.00). A true and correct copy of the PSA is attached to the Wood Declaration as **Exhibit 1**.

5. The Trustee seeks authority to pay all ordinary and necessary closing costs, including any past due property taxes, and real estate commissions, from the proceeds of the sale of the Property. Wood Declaration, ¶ 9.

6. According to the Title Report obtained by the Trustee, the Property is encumbered by a first position deed of trust in favor of Specialized Loan Servicing, LLC.; estimated payoff amount is $1,085,000.00. Wood Declaration, ¶ 10 and **Exhibit 2**.

7. The Trustee is unaware of, and the Title Report does not disclose any other liens, interests, or encumbrances against the Property. Wood Declaration, ¶ 11.

8. The Debtor claimed a homestead exemption in the Property of $968,300.00. The Debtor has also agreed to a $30,000 carve-out from his homestead exemption, one-half of which will be allocated for payment to unsecured creditors. Repass Dec., ¶ 4. A review of the claims filed to date indicates that Debtor's ex-wife, Kristen Repass, is a priority unsecured creditor with a DSO claim in the amount of $115,240.84 [dkt 79], which would put her in a position to receive the entirety of the carve-out. Wood Declaration, ¶ 13.

9. The Trustee estimates that after payment of the first position trust holder, the Trustee will owe capital gains tax of approximately $25,000 - $30,000, which the Trustee had no ability to pay at the Original Price. The Buyers agreed to increase their offer by $30,100 so the sale could proceed. As evidenced by the Declaration of the Debtor, the Debtor consents to the $30,100 increase in the increased purchase price being paid directly to the Trustee to be used to pay capital gains tax. Wood Declaration, ¶ 7.

10. After payment of the foregoing, all remaining proceeds are to be paid to the Debtor in payment of his homestead claim. Wood Declaration, ¶ 14.

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 3

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

11. The Trustee specifically reserves the right to contest any encumbrance to, or interest in, the Property, to the extent that any additional liens surface prior to closing. Wood Declaration, ¶ 15.

12. The Trustee requests that the Court reserves the issue of the reasonableness and necessity of any attorney's fees, late charges, or other costs sought to be added to any secured obligation pursuant to § 506(b). Wood Declaration, ¶ 16.

13. The sale is "AS IS, WHERE IS" and there are no warranties of any kind, either expressed or implied by the Trustee, his professionals, or the bankruptcy estate. Wood Declaration, ¶ 17.

14. Through his realtors, the Trustee caused the Property to be listed on the Multiple Listing Service. The Trustee negotiated the proposed sale on an "arms-length" basis. Neither the Trustee, his staff, nor his professionals have any connection with the Buyers. The Buyers are disinterested parties, in an arms-length transaction and are dealing in good faith as set forth in their PSA, Paragraph 20 Wood Dec., Ex. 1, and ¶ 18.

15. Should one or more overbids be received before the hearing on the Sale Motion, an auction of the Property will be held at the time of the hearing. Wood Declaration, ¶ 19.

16. The Trustee believes that there will be approximately $25,000-$30,000 in capital gains tax due as a consequence of the sale of the Property. Wood Declaration, ¶ 20.

17. The Trustee requests authority to execute all documents necessary to effectuate this sale. Wood Declaration, ¶21.

18. The Trustee is requesting that the sale of the Property be authorized under 11 U.S.C. § 363(b)(1), and that the sale be free and clear of liens and other interests under 11 U.S.C. §§ 363(b), (f)(3) and (m) and Bankruptcy Rule 6004 because he believes it is in the best interests of the bankruptcy estate. Wood Declaration, ¶ 22.

### III. ISSUES PRESENTED

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 4

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

Is the Property an asset of the estate under 11 U.S.C. §§ 541(a)(1) and (2)?

May the Trustee sell property of the estate free and clear of liens and other interests pursuant to 11 U.S.C. §§ 363(b)(1), (f)(2) and (f)(5)?

Does the proposed carve out provide a meaningful distribution to unsecured creditors of the estate, such that the court should approve the proposed sale pursuant to 11 U.S.C. §§ 363(b) and (f), notwithstanding that Property is fully encumbered?

Are the Buyers entitled to the protections of 11 U.S.C. § 363(m)?

I. DISCUSSION

A. The Property is an asset of the estate.

11 U.S.C. §§ 541(a)(1) and (2) provide that:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is —

>> (A) under the sole, equal, or joint management and control of the debtor; or

>> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

As of the Petition Date the Property was titled in the name of the Debtor and there is no claim that anyone else owns the Property and as such the Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2).

B. The Bankruptcy Code provides for the sale of fully encumbered property.

11 U.S.C. § 363(b)(1) provides that

The trustee, after notice and a hearing, may … sell … other than in the ordinary course of business, property of the estate[.]

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 5

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

11 U.S.C. §§ 363(f)(2) and (5) provide that

> The trustee may sell property under subsection (b) … of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> …
>
> (2) such entity consents;
>
> … or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Debtor has agreed to the proposed terms of sale, including his agreement to a carve-out of $30,000.00 from his proceeds from the sale of the Property. Thus, Section 363(f)(2) will be satisfied as to his homestead exemption.

A bankruptcy court may order the sale of property free and clear of liens and other interests under Section 363(f)(5), where the entity holding such lien could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest, under applicable Washington real estate foreclosure law.

> And were the trustee proposing to sell real property, judicial and nonjudicial foreclosures in Washington operate to clear junior lienholders' interests, and their liens attach to proceeds in excess of the costs of sale and the obligation or judgment foreclosed. RCW 61.12 and 61.24…

*In re Jolan, Inc.*, 403 B.R. 866, 870 (Bankr. W.D. WA. 2009).

The Debtor with his homestead claim could likewise "be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." Thus, the proposed sale of the Property, free and clear of such entities' interest is allowed under 11 U.S.C. § 363(f)(5). The carve-out provides a meaningful distribution to unsecured creditors.

The Property is fully encumbered. As a general rule, the sale of fully encumbered estate property by a bankruptcy trustee is improper. *In re KVN Corp.*, 514 B.R.1, 5 (9th Cir. BAP 2014). But Chapter 7 trustees may seek to justify the sale of fully encumbered property through a negotiated carve-out agreement with the secured creditor. A carve-out agreement is

NOTICE OF HEARING ON AND TRUSTEE'S  
MOTION FOR ORDER AUTHORIZING SALE  
OF REAL PROPERTY FREE AND CLEAR OF LIENS  
Page 6

**Wood & Jones, P.S**  
303 N. 67th Street  
Seattle, WA 98103  
(206) 623-4382

generally understood to be "an agreement by a party secured by all or some of the assets of the estate to allow some portion of its lien proceeds to be paid to others, i.e., to carve out its lien position." KVN at 6.

> The trustee may seek a 'carve-out' from a secured creditor and sell the property at issue if the 'carve-out' will result in a meaningful distribution to creditors.... If the sale will not result in a meaningful distribution to creditors, the trustee must abandon the asset.

*KVN* at 7, citing U.S. DOJ Exec. Office for U.S. Trs., Handbook for Chapter 7 Trustees (2012) (the "Handbook") at 4-14.

*KVN* provides the analysis for overcoming the presumption of impropriety through a carve-out.

> [C]ase law directs the following inquiry: Has the trustee fulfilled his or her basic duties? Is there a benefit to the estate; i.e., prospects for a meaningful distribution to unsecured creditors? Have the terms of the carve-out agreement been fully disclosed to the bankruptcy court? If the answer to these questions is in the affirmative, then the presumption of impropriety can be overcome.

KVN at 8.

The term "meaningful distribution" as used in *KVN* is not defined. Determination of whether a carve-out provides a meaningful distribution is in the discretion of the bankruptcy judge. *KVN* at 8. Here, the Trustee is proposing a carve-out that will provide not less than $15,000 for the benefit of creditors with allowed unsecured claims. The Trustee believes the $15,000 disbursement for unsecured creditors is a meaningful distribution. Absent the carve-out agreement, there would be no distribution to the creditors from the sale of the Property. Wood Declaration, ¶13.

As the Court noted in *In re Selander*, 2017 Bankr. LEXIS 806 (Bankr. W.D. WA 2017)[1], Even though $37,000 constitutes just a small fraction of the total unsecured claims filed in this case, it at least allows for some distribution in an otherwise insolvent case, and in that respect is meaningful to the likely recipients.

---

[1] Not for publication.

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 7

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

*Selander*, *20.

The proposed sale offers a "meaningful distribution" to the creditors, and the Trustee has overcome the presumption of impropriety.

C. The Buyers are entitled to the protections of 11 U.S.C. § 363(m).

11 U.S.C. § 363(m) provides that:

> the reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The Trustee negotiated the proposed sale on an "arms-length" basis. Neither the Trustee, his staff, nor his professionals have any connection with the Buyers. Wood Declaration, ¶13. The Trustee does not believe the Buyers are related to or connected with the Debtors. Wood Declaration, ¶ 13. The Trustee believes that the Buyers are dealing in good faith as defined by 11 U.S.C. § 363(m) and are entitled to the protections of Section 363(m). Wood Declaration, ¶10.

## IV.  CONCLUSION

The Property is an asset of the estate under 11 U.S.C. § 541. The Court should approve and authorize a sale of the Property pursuant to 11 U.S.C. §363(b). It is in the best interests of the creditors that the Property be sold free and clear of all liens and other interests, pursuant to 11 U.S.C. §§ 363(f)(2) and (5), provided that the Debtor shall be paid the net sale proceeds at closing, less the agreed amount of the carve-out. The Debtor could be "compelled, in a legal or equitable proceeding, to accept a money satisfaction" of their liens, pursuant to 11 U.S.C. § 363(f)(5). The proposed sale is consistent with the Trustee's duty under 11 U.S.C. § 704(a)(1) to "collect and reduce to money the property of the estate for which such trustee serves[.]" Based on the representations to the Trustee, the Buyers are purchasing the Property in good faith, and are entitled to the protections of 11 U.S.C. § 363(m).

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 8

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

## V. RELIEF REQUESTED

WHEREFORE, the Trustee respectfully requests that the Court enter an order (1) approving the Motion; (2) authorizing the proposed sale pursuant to 11 U.S.C. § 363(b), free and clear of liens and other interests pursuant to 11 U.S.C. §§ 363(f)(2) and (5) including the Debtor's homestead claim, with all liens and other interests attaching to the proceeds of sale with the same validity, priority, and amount they had as to the Property at the time of closing, provided that the Debtor shall be paid the net sales proceeds less the agreed amount of the carve-out, and less the $30,100 that is being paid to the Trustee for payment of capital gains tax.

## VI. OBJECTIONS

<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve the Sale Motion, or if you want the Court to consider your views on the Sale Motion, then on or before January 15, 2026, you or your attorney must file your objection with the Bankruptcy Court.

If you mail your response, objection or comment to the Court and counsel, you must mail it early enough so that the court will receive it on or before the date stated above.

If you or your attorneys do not take these steps, the Court may decide that you do not oppose the Sale Motion and may enter an order granting the relief requested therein.

Further information regarding the Sale Motion may be obtained by telephoning Denice E. Moewes, at (206) 623-4382.

Dated this 31st day of December, 2025.

WOOD & JONES, P.S.

*/s/ Denice E. Moewes*
Denice E. Moewes, WSB#19464

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 9

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

Attorney for Chapter 7 Trustee
Edmund J. Wood

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY FREE AND CLEAR OF LIENS
Page 10

**Wood & Jones, P.S**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382